R. W. PETEET et ux vs. D. R. CRAWFORD et al.

PARTNERSHIP: *Settlement of accounts — Jurisdiction of courts of equity over them — Case in judgment.*

Mere error alone will not always lead to the opening and restating of accounts, but even where there is an agreement that closed accounts shall not be opened for error, after the death of the parties, or after a fixed period, a court of equity will open and restate the accounts for fraud, or great danger of fraud; and in case of such an agreement, even after the death of the parties, or long acquiescence, a settlement would be opened and the account restated for an important error. If the bill, praying for the opening of a settled account, does not allege fraud, but in the opinion of the court, the facts stated imply fraud, the prayer will be granted. Upon the facts in the case at bar, the settlement should have been opened and the account restated.

APPEAL from the Chancery Court of *Carroll* County.

Hon. DALLAS COFFEY, Chancellor.

This was a bill filed by appellants against appellee for a partnership account between them in relation to their firm, in the

livery stable business. The appellants, now regarded jointly as one member of the partnership, the appellee as the other, each being interested one-half. The bill states a dissolution of the partnership on the 16th of April, 1872, and a partial settlement. That Crawford was the business partner, and had possession of the books, etc., and made a statement or partial settlement, and they relied on him and allowed him to make the statement. That said settlement was unfair and fraudulent. That complainants put into said partnership between $5,000 and $6,000, and that Crawford only had in $3,000. That if a fair settlement was made Crawford would owe them a large sum of money, etc. A supplemental bill was filed, in which certain injunctions were prayed for. The defendant denies that he kept the books alone; states that M. J. Crawford, his brother-in-law, for a long time kept said books, and states that both he and R. W. Peteet kept the books at different times. He states that when the partnership was dissolved, a full and final settlement was made, and that Peteet assigned all the claims and debts to him for $500.

The court dismissed the bill, upon which order of the court this cause comes to this court on appeal.

The following is the assignment of error, to wit: That the court erred in this, that it dismissed complainant's bill and dissolved the injunction, and refused an account as prayed for in the bill.

[In this case the reporters find no brief on file for appellants.]

*James Somerville*, for appellee:

The charge of fraud in the bill is insufficiently made. No particular act of fraud or fact is charged, nor is there any specific error in the settlement pointed out. For these reasons the bill is defective, and the court on demurrer complied with an answer denying fraud, would have dismissed the bill. Story's Eq. Plead., § 251; Gibson *v.* Newman, 1 How., 341; Johnson *v.* Curtis, 3 Bro. Ch., 266. Fraud will not be presumed. He who alleges fraud must prove it, and this is equally a rule of law and equity. 24 Miss., 136. If circumstances are relied on, the proof must be satisfactory. 14 S. & M., 30. The answer is fully sustained by

the deposition of D. R. Crawford, and those of W. T. Bean and M. J. Crawford. The justice of the decree dissolving the injunction cannot be impeached, nor even plainly assailed. Was there error in dismissing the bill? The motion was, "To dissolve the injunction and dismiss the bill." The court did not go beyond the motion. Maury v. Smith et al., 46 Miss., 83. Did the court exceed its authority?

TARBELL, J., delivered the opinion of the court.

The question in this case is as to the binding effect of a mutual settlement of partnership dealings, assented to by members of the firm. Crawford, with Peteet and wife, constituted a copartnership in the livery and sale busines. Upon the termination of the partnership, the parties mutually adjusted their accounts. Thereupon, Peteet and wife filed a bill in chancery to obtain in equity another settlement. Fraud is charged, and the settlement is prayed to be annulled, and for an account.

Upon bill, answer, exhibits and proofs, the bill was dismissed; whereupon, an appeal was taken by the complainants.

The power of the court to open a settlement is not understood to be questioned, but it is urged by counsel that there is no proof of specific acts in facts of fraud.

The books of the firm were kept by a brother of Crawford. Peteet was ignorant of bookkeeping and of figures. Both parties testify that the business was profitable; yet, by the settlement, Peteet was a heavy loser and Crawford was a large gainer by the enterprise. According to the record, an item of over $600 was wholly omitted from the settlement, and this omission is without explanation. All the accounts and statements are so unintelligibly presented, as to render a satisfactory balance sheet out of the question. Two or three days after the settlement, Peteet becoming dissatisfied with the result, requested of Crawford that the accounts be referred for adjustment to mutual friends. This was declined, except so far as to permit the footings to be reviewed. Upon the face of the record, Peteet was

defrauded, but how, or wherein specifically, cannot be pointed out. In view of this record, the duty and the power of the chancellor, according to the authorities, were unquestionable. The law is clearly stated in Pars. on Part., 513, ch. 16, sec. 2, and· the adjudications are numerous and uniform in all the states. Cases of this sort have not been frequent in this state.

Mere errors alone will not "always" lead to the opening and restating of accounts (Pars. on Part., 513); but even when there is an agreement that closed accounts shall not be opened for error after the death of the parties, or after a fixed period, a court of equity will open and restate the account for fraud, or great danger of fraud (id.); and in case of such an agreement, even after the death of the parties, or long acquiescence, a settlement would be opened and the account restated, for an important error. Id. When there is "danger" of fraud, or when the accounts have been made up by parties having unrestricted power, and acting under strong personal interest, a long acquiescence will not establish a settlement beyond the reach of inquiry. Id., 514. If the bill praying for the opening of a settled account does not allege fraud, but in the opinion of the court, the facts stated "imply" fraud, the prayer will be granted. Id., 515. In Mackellar *v.* Wallace, 26 Eng. L. & Eq., 62, it is said, if error occur in the settlement of an account, it is a sufficient ground for opening such account and setting it right in a court of equity. And the settlement is good for nothing if, either from the collusion of the parties or from the circumstances under which it takes place, it is proved in a court of equity that the transaction was not so fairly and so fully understood between the parties, either from the confusion in which it was involved, or from misrepresentation made on the one side or the other, as it ought to have been, and that injustice has been done on either side.

Clearly, in the case at bar, the settlement should have been opened and the accounts restated.

Decree reversed, and cause remanded for further proceedings.